**Attachment 2 - EEOC Complaint Form**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
    **AUSTIN**    **DIVISION**

## Kaukab Mohammed Khan

(Name of plaintiff or plaintiffs)

v.

Civil Action Number:
1:25-cv-01011-RP
(Supplied by court clerk)

## Crossover Market, LLC

## And

## Trilogy, Inc.

(Name of defendant or defendants)

**COMPLAINT**

1. This action is brought by  Kaukab Mohammed Khan , Plaintiff, pursuant to the following selected jurisdiction: Title VII of the Civil Rights Act of 1964 (42 USC §§ 2000e et seq.)

**(Please select the applicable jurisdiction)**

[ ✓ ] Title VII of the Civil Rights Act of 1964 (42 USC §§ 2000e et seq.)  Employment Discrimination on the basis of race, color, sex (gender, pregnancy and sexual harassment), religion or national origin.

[   ] The Age Discrimination in Employment Act (29 USC §§ 621 et seq.) (**ADEA**).

[   ] The Americans With Disabilities Act (42 USC §§ 12102 et seq.) (**ADA**).

[   ] The Equal Pay Act (29 USC § 206(d)) (**EPA**).

[   ] The Rehabilitation Act of 1973 (29 USC §791 et seq.) (Applicable to federal employees only).

2. Defendant  Crossover Market, LLC and Trilogy, Inc. (Defendant's name) lives at, or its business is located at 401 Congress Avenue, Suite 2650 And 701 Brazos Street, Suite 1600 (street address),            Austin            (city),    Texas    (state),    78701    (zip).

**28**

**Rev. Ed. October 26, 2017**

3a.   Plaintiff sought employment from the defendant or was employed by the defendant at  (Remotely) 401 Congress Avenue, Suite 2650, Austin  (street address), (city),  Texas  (state),  78701  (zip).

3b.   At all relevant times of claim of discrimination, Defendant employed  500+  (#) employees.   If defendant is a union, at all relevant times of claim of discrimination, Defendant had  N/A  (#) members.

4.    Defendant discriminated against plaintiff in the manner indicated in paragraph 8 of this complaint on or about  April  (month)  15  (day) 2025 (year).  If incidents of discrimination occurred more than one day, please indicate the beginning and ending dates of such acts:  April 15, 2025 to May 6, 2025 .

5.    Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission (E.E.O.C.) charging defendant with the acts of discrimination indicated in paragraph 7 of this complaint on or about  May  (month)  8 And 16  (day)  2025  (year).  (Not applicable to federal civil service employees).

6a.   The E.E.O.C. issued a **Notice of Right to Sue** which was received by plaintiff on (month)  June, 6  (day)  2025  (year).  (Not applicable to ADEA and EPA claims or federal civil service employees).

**VERY IMPORTANT NOTE:**    **PLEASE ATTACH A COPY OF YOUR NOTICE OF RIGHT TO SUE AND THE ENVELOPE IN WHICH IT WAS RECEIVED TO THIS COMPLAINT.**

6b.   Please indicate below if the E.E.O.C issued a **Determination** in your case:

[    ] Yes
[✓] No

**VERY IMPORTANT NOTE:**    **IF YOU CHECKED "YES", PLEASE ATTACH A COPY OF THE E.E.O.C.'S DETERMINATION TO THIS COMPLAINT**

7.    Because of plaintiff's:

**(Please select the applicable allegation(s))**

[✓]   Race (If applicable, state race)  South Asian

[    ]   Color (If applicable, state color) 

**29**

[  ]  Sex (gender, pregnancy or sexual harassment) (If applicable, state sex and claim)

[  ]  Religion (If applicable, state religion) _____

[✓]  National Origin (If applicable, state national origin) _____ Indian _____

[  ]  Age (If applicable, state date of birth) _____

[  ]  Disability (If applicable, state disability) _____

[✓]  Prior complaint of discrimination or opposition to acts of discrimination.
      (Retaliation) (If applicable, explain events of retaliation)  Instead of addressing my concerns, the company delayed, dismissed, and ignored them. This response was "retaliatory".

      The defendant:  **(please select all that apply)**

[✓]  failed to employ plaintiff.

[  ]  terminated plaintiff's employment.

[  ]  failed to promote plaintiff.

[  ]  harassed plaintiff.

[✓]  other (specify)  Emotional Distress: As a result of the discriminatory denial and disregard, I experienced emotional distress, frustration, and loss of dignity.

8a.   State **specifically** the circumstances under which defendant, its agent, or employees discriminated against plaintiff **PERSONALLY**:

**VERY IMPORTANT NOTE:**       **INCLUDE SPECIFIC DATES, SPECIFIC EVENTS, AND ANY SPECIFIC COMMENTS MADE BY DEFENDANT PERTAINING TO THE DISCRIMINATION CLAIM ALLEGED ABOVE.**

On April 15, 2025, after I applied and was initially selected for an interview, the company changed the job description to exclude applicants from my time zone, which effectively disqualified me and other Indian candidates. I was fully qualified for the position, and the change occurred only after my national origin and location had become known to the employer. When I raised concerns about this exclusion through support channels between April 16 and May 1, my concerns were dismissed and my support tickets were closed. For additional details, see the attached EEOC charge and exhibits with date-stamped records.

30

**Rev. Ed. October 26, 2017**

8b.    List any **witnesses** who would testify for plaintiff to support plaintiff's allegations and the substance of their testimony:

There are no in-person witnesses, as the entire process was remote. However, all relevant communications and interactions are documented in writing and can be presented to the Court as evidence of discriminatory misconduct

.

8c.    List any **documentation** that would support plaintiff's allegations and explain what the documents will prove:

Attached as **Exhibits A–J** (and other exhibits) are:

❖ Job descriptions (original and revised) – showing the retroactive change excluding my time zone and, by extension, candidates from India.

❖ Assessment results and interview selection proof – demonstrating I was qualified and selected for the interview.

❖ Rejection email and chatbot response – evidence of the denial and the stated rationale.

❖ Full support ticket conversation – showing my attempts to address the issue and the company's dismissive response.

❖ Legal notice and legal reply from Crossover's counsel – documenting the company's position and responses.

These documents collectively demonstrate that I was qualified, selected for an interview, and then disqualified due to a retroactive job change that disproportionately excluded Indian applicants. They directly support my claims of race and national origin discrimination, as well as retaliation for raising concerns.

**31**

9.      The above acts or omissions set forth in paragraphs 7 and 8 are:

[    ]    still being committed by defendant.

[✓]    no longer being committed by defendant.

10.     Plaintiff should attach to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission.   This charge is submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:

[✓] Defendant be directed to employ plaintiff.

[    ] Defendant be directed to re-employ plaintiff.

[    ] Defendant be directed to promote plaintiff.

[✓] Defendant be directed to Employ Plaintiff in the position sought or a substantially equivalent position, and to provide monetary compensation for front pay, back pay, reputational damages, emotional distress, and punitive damages in the total amount of $1,000,000. And that the Court grant such other relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Signature of Plaintiff:

Date:                    **29/06/2025**

Address of Plaintiff: **195, Swami Dayanand Nagar,**

**Indore** (City) | **Madhya Pradesh** (State) | **452014** (Zip Code)

Phone no:          **+91 8103288864**

**32**

**Rev. Ed. October 26, 2017**

**Attachment 1 - Civil Complaint**

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### __AUSTIN__    DIVISION

## Kaukab  Mohammed  Khan

(Enter your full name)
   Plaintiff(s)

           CASE NUMBER:    __1:25-cv-01011-RP__
             (Supplied by Clerk's Office)

## Crossover Market, LLC And Trilogy, Inc

(Enter full name of each Defendant)
   Defendant(s)

### COMPLAINT

First Paragraph (Name and Address of Plaintiff)

Second Paragraph (Name and Address(es) of Defendant(s))

Third Paragraph (Jurisdiction Plea)

Fourth Paragraph (Allegation 1)

Fifth Paragraph (Allegation 2) ...

  The final paragraph should contain a statement of the relief you are seeking.   This paragraph should not be numbered.

Signature
Name: Kaukab Mohammed Khan
Address: 195, Swami Dayanand Nagar, Indore, India – 452014
Telephone Number: +91 8103288864
Date: 29/06/2025

**27**

**Rev. Ed. October 26, 2017**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

|  |  |  |
|---|---|---|
| Kaukab Mohammed Khan | § | |
| Plaintiff (Pro Se), | § | |
| | § | Civil Action No.-**1:25-cv-01011-RP** |
| v. | § | (Supplied by Clerk's Office) |
| | § | |
| Crossover Market, LLC and Trilogy, Inc. | § | |
| Defendant(s) | § | |

## COMPLAINT

### 1. Parties

- **Plaintiff**: Kaukab Mohammed Khan is an Indian citizen residing in Indore, India. Applied for a "**Remote**" position in Austin Texas.
- **Defendants**:
  - **Crossover Market, LLC**, located at 401 Congress Avenue, Suite 2650, Austin, TX 78701, is a global hiring platform that recruits the top 1% of talent from around the world. It exclusively facilitates fully "**Remote job**" opportunities with no traditional office roles, thereby removing territorial and jurisdictional employment boundaries.
  - **Trilogy, Inc.**, located at 701 Brazos Street, Suite 1600, Austin, TX 78701, is a major U.S.-based employer and one of Crossover's primary client companies.

### 2. Jurisdiction and Venue

This Court has jurisdiction over this matter pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(1). Venue is proper in the Austin Division of the United States District Court for the Western District of Texas, as the defendants are headquartered and conduct business within this jurisdiction.

### 3. Statement of Facts

1.  On April 15, 2025, Plaintiff Kaukab Mohammed Khan, an Indian citizen residing in Indore, India, applied for a fully remote **"Research Analyst"** position managed by **Crossover Market, LLC for Trilogy, Inc.**

2.  The original job posting expressly stated that the position was "**fully remote**" and open to candidates globally, with no geographic or time zone restrictions.

3.  Plaintiff met all qualifications, excelled in all required assessments (Specifically designed for this job by defendants)—including scoring in the 95th percentile on the CCAT—and was advanced to the interview stage, confirming Plaintiff's merit and suitability for the position.

4.  After Plaintiff's advancement and upon learning of Plaintiff's national origin and location, Defendants abruptly and retroactively altered the job description to impose a new, arbitrary time zone restriction **(UTC-9 to UTC+1).**

5.  This change was not based on any legitimate business need, as the position remained fully remote and Plaintiff had repeatedly pledged to work any hours required, around the 24 hours clock.

6.  The new restriction explicitly and solely excluded applicants from **India** and most of Asia, limiting eligibility to candidates from the **Americas, Europe, and Western Africa**.

7.  Plaintiff was immediately disqualified as a direct result of this discriminatory change, despite being fully qualified and available for all required shifts.

8.  Plaintiff promptly raised concerns through Crossover's internal support portal, submitting multiple tickets from April 16 to May 1, 2025, and expressly identifying the exclusion as discriminatory and unjustified.

9.  Instead of addressing these concerns, Defendants repeatedly dismissed or closed Plaintiff's support tickets, refusing to provide any meaningful explanation or review.

10. The Defendants' dismissive and evasive conduct caused Plaintiff significant **emotional distress, anxiety, and frustration**, as Plaintiff was denied a fair opportunity based solely on national origin.

11. On May 1, 2025, after sustained pressure and requests for transparency, Defendants' own legal counsel **finally admitted** in writing that the job description had indeed been changed, but attempted to justify this solely on vague "**business needs**," without providing any credible or lawful rationale.

12. Defendants' actions and subsequent admissions make clear that the true and sole purpose of the change was to exclude non-Western, specifically Indian, applicants from consideration.

13. Plaintiff's repeated proposals for an amicable resolution, including a silent settlement, were outright rejected by Defendants, who remained steadfast in their exclusionary practices.

14. As a direct and proximate result of Defendants' intentional, discriminatory conduct, Plaintiff suffered severe **emotional distress, reputational harm, and loss of significant employment and career advancement opportunities.**

15. Plaintiff timely filed EEOC charges against both Crossover Market, LLC (**Charge No. 451-2025-03714**) and Trilogy, Inc. (**Charge No. 451-2025-03921**), received Right to Sue letters on June 6, 2025, and now brings this action within 90 days to seek justice and appropriate relief for the harm caused by Defendants' **unlawful discrimination.**

## 4. Legal Claims

Defendants' actions constitute:

- Discrimination based on **race** (South Asian) and **national origin** (Indian), in violation of Title VII of the Civil Rights Act of 1964
- **Retaliation** for raising concerns about discriminatory conduct

# Prayer for Relief

Plaintiff respectfully requests that the Court:

1. Direct Defendants to consider Plaintiff for employment or provide equivalent compensatory remedies;
2. Award total damages of **$1,000,000**, allocated as follows:
   - **Back Pay**: $180,000 (based on a planned tenure of at least 3 years at the expected salary of $60,000/year, consistent with Plaintiff's prior 2.5-year employment history at Amazon)
   - **Front Pay**: $150,000 (to compensate for future loss of income and career advancement opportunities)
   - **Emotional Distress**: $250,000 (due to psychological harm, anxiety, and personal suffering)
   - **Reputational Harm**: $120,000 (for impact on professional image and international job prospects)
   - **Punitive Damages**: $300,000 (to deter future discriminatory conduct by employers)
3. Grant such other relief as the Court deems just and proper, including injunctive relief, court costs, and any applicable attorney's fees.

**Respectfully submitted,**
**Kaukab Mohammed Khan (Pro Se)**
Address: 195, Swami Dayanand Nagar
Indore, Madhya Pradesh 452014, India
Email: kaukabjaved007@gmail.com
Phone: +91 8103288864

**Signature:**
**Date: 29/06/2025**